IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00162–WYD–KMT

DANIEL BAGWELL,

      Plaintiff,

v.

SAFEWAY DENVER MILK PLANT,

      Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

**Magistrate Judge Kathleen M. Tafoya**

      This case involves claims for retaliation and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.  This matter is before the court on "Defendant's Motion to Dismiss" (Doc. No. 11 [Mot.], filed February 14, 2011).  Plaintiff did not file a response.  This motion is ripe for review and recommendation.

## STATEMENT OF THE CASE

      Plaintiff asserts a claim for sex discrimination and retaliation by his employer, Safeway Denver Milk Plant.[1]  Plaintiff's Complaint is devoid of any factual allegations.  However, apparently in lieu of providing specific allegations in his Complaint, Plaintiff attaches multiple pages from his Equal Employment Opportunity Commission charges filed on October 26, 2009 and November 24, 2009.  (*See* Compl. at 10–14; 36.)  In his charges, Plaintiff alleges he was

_____

[1]Defendant states that it is correctly identified as Safeway Inc.

subjected to and complained about sexually inappropriate comments and sexual harassment by management and employees.  (*Id.* at 36.)  He claims as a result, his duty hours were changed and that he received a "[h]orrible performance evaluation" and "the worst evaluation [he] has ever received."  (*Id.* at 11, 36.)  Plaintiff also alleges a Human Resources employee told Plaintiff, "If you want to be fired, we could have that arranged."  (*Id.* at 11.)

## *PRO SE* STANDARD OF REVIEW

Because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (refusing to "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (declining to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

**ANALYSIS**

Defendant moves for dismissal of Plaintiff's claims for failure to meet the pleading requirements of Federal Rule of Procedure 8(a) and for failure to meet the requirements set forth by the Supreme Court in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007)).

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109 (citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* (citations omitted).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies the allegations in the complaint that are not entitled to the assumption of truth, that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id*. at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 1950.

Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  A disparate treatment analysis is applied to claims alleging the employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin.  *Williams v. Potter*, 331 F. Supp. 2d 1331, 1342 (D. Kan. 2004.)

4

In a Title VII disparate treatment case, to make a *prima facie* case of sex discrimination, a plaintiff must show "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007) (applying *McDonnell Douglas* framework to sex discrimination claim).   Additionally, to make a *prima facie* case of sex discrimination, a plaintiff must show "that []he applied for an available position for which []he was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." *Tex. Dep't of Comty. Affairs v. Burdine*, 450 U.S. 248, 252–56 (1981).

The *McDonnell Douglas* presumption is that, unless otherwise explained, discrimination is more likely than not the reason for the challenged decision.  *Notari v. Denver Water Dep't*, 971 F.2d 585, 589 (10th Cir. 1992).  As a result, while "[f]or most plaintiffs, establishing a *prima facie* case is perfunctory, and liability turns on whether the defendant's stated explanation for the adverse employment action is pretextual," that is not necessarily true in reverse discrimination cases.  *Argo v. Blue Cross and Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006). Instead, "because the presumptions in Title VII analysis that are valid when a plaintiff belongs to a disfavored group are not necessarily justified when the plaintiff is a member of an historically favored group," *Notari*, 971 F.2d at 589 (quotation marks omitted), a reverse-discrimination claimant must make a "stronger showing" of a *prima facie* case of discrimination.  *Argo*, 452

5

F.3d at 1201.  A plaintiff alleging reverse discrimination claim " 'must, in lieu of showing that he belongs to a protected group, establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the minority.' " *Argo* at 1201 (quoting *Notari,* 971 F.2d at 589).  "Alternatively, a plaintiff may produce facts 'sufficient to support a reasonable inference that but for plaintiff's status the challenged decision would not have occurred.' " *Argo* at 1201 (quoting *Notari* at 590).

Defendant argues that Plaintiff has failed to allege sufficient facts to state his claims under Title VII.  In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the United States Supreme Court held that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination."  *Swierkiewicz*, 534 U.S. at 508.  The Supreme Court explained that the *prima facie* case under *McDonnell Douglas* is an evidentiary standard rather than a pleading requirement.  534 U.S. at 508.  Thus, a complaint asserting Title VII claims need only contain a short statement of the claim showing that the pleader is entitled to relief" and must " 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Swierkiewicz*, 534 U.S. at 508 (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Because under *Notari* the first element of the traditional *prima facie* formula set forth in *McDonnell Douglas* (that the plaintiff belongs to a protected group) is replaced for the purposes of alleging a reverse-discrimination claim, this court finds that the Supreme Court's holding in *Swierkiewicz* is controlling in this context as well.  Therefore, as in *Swierkiewicz*, Plaintiff need not plead specific facts regarding this element for his reverse-discrimination claims.

6

In *Swierkiewicz*, the Court held that the petitioner's complaint easily satisfied the requirements of Fed. R. Civ. P. 8(a)(2) because it gave the respondent fair notice of the bases for the claims. *Swierkiewicz*, 534 U.S. at 514.  In finding the complaint adequate, the Court observed that it included the statutory grounds for the claim, "events leading to [the complainant's] termination . . . , relevant dates, and . . . ages and nationalities of at least some of the relevant persons involved with [the] termination."  *Id.*

The elements of a *prima facie* discrimination claim are nonetheless relevant to the determination of whether a complaint provides a defendant with fair notice and contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570)[2].  *See also Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 346 (4th Cir. 2006) (*Swierkiewicz* did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim).

Thus, this court must analyze Plaintiff's claims to determine if they meet the pleading requirements and provide Defendant with sufficient notice and factual matter to state plausible claims.

    **i.**  ***Sex Discrimination Claims***

As stated *supra*, Plaintiff need not plead specific facts regarding this element to survive a Rule 12(b)(6) motion.  However, even assuming Plaintiff is able to establish this element at a

---

[2]In *Twombly*, the Supreme Court reaffirmed the holding of *Swierkiewicz*.  *See Twombly*, 550 U.S. at 569–70 (discussing *Swierkiewicz*'s holding that a plaintiff is not required to establish a *prima facie* case of discrimination to survive a Rule 12(b)(6) motion and emphasizing that *Swierkiewicz* remains good law.)

later time, the court finds plaintiff has failed to allege facts sufficient to maintain a claim for sex

discrimination.  Plaintiff has failed to allege any facts that he applied and was qualified for a job

for which the defendant was seeking applicants; that, despite his qualifications, he was rejected;

and that, after his rejection, the position remained open and the employer continued to seek

applicants from persons of complainant's qualifications.  *McDonnell Douglas*, 411 U.S. at 802.

The Tenth Circuit has interpreted the plausibility standard set forth in *Bell Atlantic Corp.*

*v. Twombly*, *supra*, as middle ground between heightened fact pleading and "allowing

complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action,' which the Court stated 'will not do.' "  *Robbins v. Okla.*, 519 F.3d

1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).  Thus, "plausibility" means

that the "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just

speculatively) has a claim for relief."  *Id.*

The purpose of a plausibility requirement is "not only to weed out claims that do not (in

the absence of additional allegations) have a reasonable prospect of success, but also to inform

the defendants of the actual grounds of the claim against them."  *Robbins v. Oklahoma*, 519 F.3d

at 1244.  "Without some factual allegation in the complaint, it is hard to see how a claimant

could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but

also 'grounds' on which the claim rests."  *Id.* (quoting *Twombly*, 550 U.S. at 556 n.3).  In

*Twombly,* the Court was particularly critical of complaints that "mentioned no specific time,

place, or person involved in the alleged conspiracies."  550 U.S. at 565 n.10.  Given such a

complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin." *Id.*

Even considering the EEOC charges attached to Plaintiff's Complaint, there are absolutely no factual allegations to support an inference that Plaintiff's termination was in any way because of or due to his gender.  As a result, Plaintiff's Complaint fails to assert sufficient factual allegations to apprise or inform the defendant "of the actual grounds of the claim against [it]." *Robbins v. Oklahoma*, 519 F.3d at 1244.

ii.      *Retaliation Claims*

Title VII makes it an unlawful employment practice for an employer "to discriminate against any of [its] employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter."  42 U.S.C. § 2000e-3(a).  To state a *prima facie* case of retaliation, a plaintiff must show (1) that he engaged in protected opposition to discrimination; (2) that his employer took an adverse employment action against him subsequent to or after the protected activity; and (3) there is causal connection between protected activity and the adverse action.  *Medina v. Income Support Div., N.M.*, 413 F.3d 1131, 1135-36 (10th Cir. 2005).

Plaintiff makes a conclusory allegation that he was retaliated against.  (Compl. at 2.) However, other than this conclusory statement, Plaintiff's Complaint is entirely devoid of sufficient facts to state a claim for retaliation.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendant's Motion to Dismiss" (Doc. No. 11) be GRANTED, and that this case be dismissed in its entirety for Plaintiff's failure to satisfy the pleading

requirements of Rule 8 and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

10

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 12th day of May, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge