IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 11-cv-00162-WYD-KMT

DANIEL BAGWELL,

    Plaintiff,

v.

SAFEWAY DENVER MILK PLANT,

    Defendant.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

    This matter is before the Court on Defendant's Motion to Dismiss filed February 14, 2011. The motion seeks to dismiss Plaintiff's *pro se* claims for sex discrimination and retaliation by Defendant, his employer. Plaintiff did not file a response to this motion. Defendant's motion was referred to Magistrate Judge Tafoya for a recommendation by Order of Reference dated February 3, 2011, and Memorandum of February 14, 2011.

    Magistrate Judge Tafoya issued a Recommendation on May 12, 2011. She found in the Recommendation that Defendant's Motion to Dismiss should be granted and the case should be dismissed in its entirety for Plaintiff's failure to satisfy the pleading requirements of Rule 8 and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Recommendation at 9-10.)

More specifically, Magistrate Judge Tafoya found that "plaintiff has failed to allege facts sufficient to maintain a claim for sex discrimination" because he "failed to allege any facts that he applied and was qualified for a job for which the defendant was seeking applicants; that, despite his qualifications, he was rejected; and that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." (Recommendation at 8.)  She also found that, "[e]ven considering the EEOC charges attached to Plaintiff's Complaint, there are absolutely no factual allegations to support an inference that Plaintiff's termination was in any way because of or due to his gender." (*Id.* at 9.)  As a result, Magistrate Judge Tafoya concluded that "Plaintiff's Complaint fails to assert sufficient factual allegations to apprise or inform the defendant 'of the actual grounds of the claim against [it].'" (*Id.*) (quotation omitted).  As to the retaliation claim, she found that, other than a conclusory allegation that he was retaliated against, "Plaintiff's Complaint is entirely devoid of sufficient facts to state a claim for retaliation." (*Id.* at 9.)

The Recommendation advised that "[a] general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review." (Recommendation at 10.)  It further stated that "'a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.'" *Id.* (quoting *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996)).

On May 20, 2011, Plaintiff filed timely Written Objections which would generally necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Under a *de novo* review, "a court 'should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

In this case, however, Plaintiff did not object to any of the specified proposed findings or recommendations. Instead, he asks for Supreme Court review of his case on the grounds that Title VII is unconstitutional and violates his civil rights. An objection is not, however, a proper way to raise an appeal. If Plaintiff wishes to appeal, he will need to comply with the proper procedures for doing so under the Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure. Since Plaintiff has not posited any specific objections or argued any grounds as to why the Recommendation should be reversed, I find that he waived *de novo* review and that his objections should be overruled.

Even under a *de novo* review, however, I find that Magistrate Judge Tafoya's Recommendation is thorough and well reasoned and should be affirmed due to Plaintiff's failure to comply with the pleading requirements of Rules 8 and for failure to state a claim for relief under the standards set forth in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). Pro se status "does not excuse the obligation of any litigant to comply with

the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."

*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge dated May 12, 2011 (ECF No. 17) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that Defendant's Motion to Dismiss (ECF No. 12) is **GRANTED**, and the case is **DISMISSED**.

Dated:  May 31, 2011

                                             BY THE COURT:

                                             s/ Wiley Y. Daniel
                                             Wiley Y. Daniel
                                             Chief United States District Judge